NOT FOR PUBLICATION                                                      CLOSE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC, a South Dakota Corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>JIJ, INC., a North Carolina Corporation, BALVANTBHAI K. PATEL, and individual, and NARENDRA K. PATEL, an individual,<br><br>                      Defendants. | **OPINION**<br><br>Civ. No. 16-2806 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Super 8 Worldwide, Inc. ("Super 8") moves under Fed. R. Civ. P. 55 for default judgment against Defendants JIJ, Inc., Balvantbhai Patel, and Narendra Patel. Super 8 asserts that Defendants breached a franchise agreement for the operation of a guest lodging facility. Defendants have failed to plead or otherwise defend this lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Super 8 is a South Dakota corporation with its principal place of business in Parsippany, New Jersey. Compl., ECF No. 1 ¶ 1. JIJ, Inc. is a North Carolina corporation with its principal place of business in North Carolina. *Id.* ¶ 2. Balvantbhai and Narendra Patel are principals of JIJ and are citizens of South Carolina. *Id.* ¶¶ 3-4. On July 6, 2007, Plaintiff entered into a franchise agreement with JIJ for the operation of a Super 8 hotel in Lumberton, North Carolina ("the Facility"). *Id.* ¶ 9; Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff.") ECF No. 8-3 ¶ 3. Balvantbhai and Narendra Patel also entered into a guaranty agreement

1

with Super 8 in which they agreed to "make each payment and perform . . . each unpaid or unperformed obligation" should JIJ default on its franchise agreement. *Id.* Ex. B.

JIJ's franchise agreement with Super 8 was to last until June 30, 2027. *See id.* Ex. A § 5. JIJ was to make periodic payments to Super 8 for royalties, taxes, and various services it received as a franchisee, which were known as the "Recurring Fees." *See id.* § 7; *id.* Schedule C. Interest was due "on any past due amount payable to [Super 8] under [the] Agreement at the rate of 1.5% per month . . . accruing from the due date until the amount is paid." *Id.* § 7.3.

Defendants ceased paying the Recurring Fees, and their account became past due on October 31, 2014. *Id.* Ex. C. Super 8 sent three notification letters to JIJ on November 4, 2014, February 3, 2015, and May 8, 2015. *Id.* Ex C; Ex. D; Ex. E. Each of these letters informed Defendants that their agreement might be subject to termination if their outstanding fees were not paid. *Id.* Defendants have not paid this amount, which now totals $164,664.45. *Id.* ¶ 17.

Super 8 brought this action on May 18, 2016. The summons and complaint were served on Narendra Patel and JIJ on June 14, 2016, and they were served on Balvantbhai Patel on June 15, 2016. ECF Nos. 5-6; *see also* Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default ("Couch Cert.") ECF No. 8-2 ¶¶ 4-5. Counsel for Super 8 certified that he verified neither Balvantbhai nor Narendra Patel are engaged in military service for the United States or its allies. Couch Cert. ¶¶ 12-13. The Clerk of the Court entered default against Defendants on July 22, 2016 for failure to plead or otherwise defend this action. *Id.* ¶ 8. Super 8 informed Defendants of this entry of default by letter. *Id.* ¶ 9. Defendants have not responded.

Super 8 now moves for default judgment, seeking $164,664.45 in damages. Fenimore Aff. ¶ 18.

## STANDARD FOR DEFAULT JUDGMENT

Three factors are considered when evaluating a motion for default judgment under Fed. R. Civ. P. 55: (1) whether there is "prejudice to the plaintiff if default is denied," (2) "whether the defendant appears to have a litigable defense," and (3) "whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Factual allegations in a complaint will be treated "as conceded by the defendant," *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005), but a court will inquire "into whether the unchallenged facts constitute a legitimate cause of action." *Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). A court does not accept the alleged amount of damages as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). A court may determine damages without a hearing "as long as [it] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Jurisdiction

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Super 8 is a South Dakota Corporation with its principal place of business in New Jersey. Compl. ¶ 1. JIJ is a North Carolina corporation with its principal place of business in North Carolina. *Id.* ¶ 2. Balvantbhai and Narendra Patel are principals of JIJ and are citizens of South Carolina. *Id.* ¶¶ 3-4. The amount in controversy at the time of filing exceeded $75,000. Fenimore Aff. Ex. F. Personal jurisdiction exists because Defendants consented to "non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey. . . ." Fenimore Aff. Ex. A § 17.6.3; *id.* Ex. B.

## II.     Default Judgment is Appropriate

This action arises out of an alleged breach of contract. The franchise agreement is governed by New Jersey law because of its choice of law provision. Fenimore Aff. Ex. A § 17.6.1. The elements of a breach of contract claim under New Jersey law are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Plaintiff and Defendants entered into a contract for the operation of a Super 8 hotel in exchange for the payment of Recurring Fees. Defendants breached that contract by operating a Super 8 franchise without paying the Recurring Fees that were owed. Plaintiff performed its own contractual obligations by providing Defendants with services such as advertising that were called for by the agreement. *See* Fenimore Aff. Ex. F (itemizing Super 8's services that were the basis for the Recurring Fees). Damages resulted from the breach because Super 8 performed these services without receiving compensation. Super 8 has pled the elements of a breach of contract claim and put forth unchallenged facts which demonstrate a legitimate cause of action.

Default judgment is appropriate. Super 8 will suffer prejudice if default is denied because it will continue to not receive the fees and costs to which it is contractually entitled. Defendants have not put forward facts or argument to suggest that they have a valid defense. They have failed to retain counsel or make an appearance since the filing of the complaint. Having considered the *Chamberlain* factors in light of these facts, the Court grants default judgment.

### III. The Amount of Damages Is Satisfactorily Established

Super 8 seeks damages of $164,664.45 for outstanding Recurring Fees and interest. The damages asserted do not require further inquiry and will be awarded by the Court. The Court has also reviewed Super 8's submissions as to the Recurring Fees owed as of July 2016, which total $159,228.21. The Court finds that these Recurring Fees documented by Plaintiff accurately and reasonably represent the amount that Defendants owed Super 8 for its services on that date. *See* Fenimore Aff. ¶¶ 29-36; Ex. F (Itemized Statement of Recurring Fees). The remaining amount of $5,436.24 reflects two months of interest, compounded at the rate of 1.5% compounded monthly as specified in § 7.3 of the parties' franchise agreement. These damages are reasonable under the circumstances.

### CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants in the amount of $159,228.21.

DATE: 7 September 2016

William H. Walls
Senior United States District Court Judge